McMORAN, O'CONNOR, BRAMLEY & BURNS, P.C.
Ramshorn Executive Centre
Bldg. D, Suite D-1
2399 Highway 34
Manasquan, New Jersey 08736
(732) 223-7711
Attorneys for Plaintiff,
John Petronzi

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PETRONZI,<br><br>    Plaintiff,<br><br>vs.<br><br>COMPUTER SCIENCES CORPORATION and SCOTT WARKENTIN<br><br>    Defendants. | Civil Action No.<br>3:15-cv-03593-PGS-TJB<br><br>(Returnable January 16, 2018) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL

### I.    INTRODUCTION

This is an employment case involving claims by plaintiff John Petronzi ("Plaintiff") against his former employer, Computer Sciences Corporation, and former supervisor, Scott Warkentin (collectively the "Defendants"), alleging age and disability discrimination and retaliation under the New Jersey Law Against

1

Discrimination (NJLAD), N.J.S.A. 10:5-1, *et seq.*, and breach of contract and breach of the covenant of good faith and fair dealing.

On November 13, 2017, Defendants filed a motion for summary judgment. Plaintiff's brief and papers in opposition to Defendants' motion for summary judgment is due on December 22, 2017 and is being filed simultaneously with this motion to seal.

Plaintiff's opposition to Defendants' motion for summary judgment relies, in part, on a Certification from Douglas S. Bramley, Esq., counsel for Plaintiff, and the 53 exhibits attached thereto (the "Bramley Certification"), which Plaintiff contends support his NJLAD and contract claims. A number of the exhibits to the Bramley Certification have been marked by Defendants as "Confidential – Subject to Protective Order" pursuant to a Discovery Confidentiality Order signed by the Hon. Tonianne J. Bongiovanni, U.S.M.J. on October 13, 2015. See Ex. A to the Certification of Douglas S. Bramley, Esq. provided herewith. The Discovery Confidentiality Order provides, *inter alia*, that any party to this litigation has the right to designate as "Confidential" any document that contains (a) trade secrets, competitively sensitive technical information, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information. Id. Documents designated as "Confidential" may not be disclosed publicly and can only be shared with the designated individuals set forth

in the Discovery Confidentiality Order, e.g., the parties, counsel for the parties, experts, the Court, any deponent. Id.

The Discovery Confidentiality Order provides further that "[a]ll requests to seal documents filed with the Court shall comply with Local Rule 5.3." Id.

Defendants have designated 24 of the 53 exhibits attached to the Bramley Certification as "Confidential" on the grounds that they allegedly contain trade secrets, competitively sensitive technical information, marketing, financial, sales or other confidential business information. They are Exhibit Nos. 1, 8, 9, 10, 11, 12, 14, 19, 20, 21, 25, 26, 27, 31, 32, 33, 41, 43, 44, 45, 48, 49, 52 and 53 to the Bramley Certification. In addition, Plaintiff has designated Exhibit No. 46 as "Confidential" because it contains his personal and private medical records, which are relevant to his disability discrimination claim under the NJLAD.

Plaintiff files this motion to seal the "Confidential" exhibits to the Bramley Certification under Local Civil Rule 5.3 and Federal Rule of Civil Procedure 5.2.

## II.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 5.2(d) states, "[t]he Court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version of the public

3

record."[1] Local Civil Rule 5.3(c) provides that a motion to file under seal should describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or pubic interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

Here, concurrently with the filing of this motion, Plaintiff has filed his brief and papers in opposition to Defendants' motion for summary judgment which relies, in part, on exhibits attached to the Bramley Certification that have been designated by the parties as "Confidential" under the terms of the Discovery Confidentiality Order. For the reasons set forth in Plaintiff's brief in opposition to Defendants' motion for summary judgment, these exhibits are critical to the Court's understanding analysis of whether Plaintiff can sustain his NJLAD and contract claims against Defendants, which he can.

Plaintiff has a legitimate privacy interest under HIPAA in maintaining the confidentiality of his protected health information, i.e., medical records (Exhibit No. 46) that warrants their sealing. See e.g., Doe v. Delie, 257 F.3d 309, 315 (3d Cir.2001) ("[w]e have long recognized the right to privacy in one's medical

---

[1] Local Civil Rule 5.3(c)(4) provides that "[a]ny materials deemed confidential by a party or parties and submitted under temporary sealing subject to a motion to seal or otherwise restrict public access shall be filed electronically under the designation "confidential materials" and shall remain sealed until such time as the motion is decided …"

4

information ..."); <u>United States v. Westinghouse Elec. Corp.</u>, 638 F.2d 570, 577 (3d Cir.1980) ("[t]here can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection").

In addition, the disclosure of the exhibits that Defendants have marked as "Confidential" because they contain confidential business information, including personal information relating to non-party employees of Computer Sciences Corporation, would violate the terms of the Discovery Confidentiality Order.

No alternative relief is available since the exhibits containing the medical records and confidential business information are necessary and being relied upon by Plaintiff in opposing Defendants' motion for summary judgment.

Accordingly, Plaintiff respectfully requests that the Court enter an Order allowing Exhibit Nos. 1, 8, 9, 10, 11, 12, 14, 19, 20, 21, 25, 26, 27, 31, 32, 33, 41, 43, 44, 45, 46, 48, 49, 52 and 53 to the Bramley Certification submitted in opposition to Defendants' motion for summary judgment to be filed under seal.

McMORAN, O'CONNOR BRAMLEY & BURNS
Attorneys for Plaintiff,
John Petronzi

By:   /s/ Douglas S. Bramley
      DOUGLAS S. BRAMLEY

Dated: December 22, 2017