**Lisa J. Rodriguez**
**Schnader Harrison Segal & Lewis LLP**
**Woodland Falls Corporate Park**
**220 Lake Drive East, Suite 200**
**Cherry Hill, New Jersey 08002-1165**
**Phone: (856) 5741 ▪ Fax: (856) 482-2578**
**ljrodriguez@schnader.com**

*Attorneys for Defendants*
*Computer Sciences Corporation, Scott Warkentin,*
*and DXC Technology Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN PETRONZI,**<br>              *Plaintiff,*<br><br>              v.<br><br>**COMPUTER SCIENCES CORPORATION,**<br>**SCOTT WARKENTIN, and DXC**<br>**TECHNOLOGY COMPANY**<br>              *Defendants*. | Docket No. 03:15-cv-03593-PGS-TJB<br><br><br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES TO PLAINTIFF'S**<br>**FIRST AMENDED COMPLAINT** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME Defendants, Computer Sciences Corporation ("CSC"), Scott Warkentin ("Warkentin"), and DXC Technology Company ("DXC") (collectively, "Defendants"), who hereby submit the following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand.

## ANSWER TO COMPLAINT

Without waiving their affirmative or other defenses, Defendants respond to the allegations of the Complaint as follows:

### NATURE OF THE CASE

1.      Defendants submit that no response is required to Paragraph 1 as it reflects a summary of Plaintiff's claims. To the extent a response is require Defendants deny the allegations.

### JURISDICTION AND VENUE

2.      Defendants submit that no response is required to Paragraph 2 as it reflects a legal conclusion. To the extent a response is required, Defendants do not contest the court's jurisdiction at this time.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants submit that no response is required to Paragraph 4 as it reflects a legal conclusion.  To the extent a response is required, Defendants do not contest venue.

### THE PARTIES

5.      Defendants lack sufficient information to admit or deny the allegations relative to Plaintiff's citizenship and residency.  Defendants admit the remaining allegations in Paragraph 5.

2

6.      Defendants deny the principal place of business alleged by Plaintiff but otherwise admit the allegations in Paragraph 6.

7.      Defendants admit CSC does business in New Jersey, but otherwise deny the allegations in Paragraph 7 which are impermissibly vague and indefinite.

8.      Defendants admit that on or about April 1, 2017, CSC and the Enterprise Services Division of Hewlett Packard Enterprises formed DXC Technology Company in what may be called a spin-merger.

9.      Defendants deny the principal place of business alleged by Plaintiff but otherwise admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants admit notice but deny an acquisition of assets.

13.     Defendants admit that CSC and DXC are engaged in similar business pursuits but otherwise deny the allegations in Paragraph 13, which are impermissibly vague and indefinite.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants deny the allegations contained in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

#6715383v1 PHDATA

## RESPONSE TO FACTUAL ALLEGATIONS

19.     Defendants admit the allegations contained in Paragraph 19.

20.     Defendants admit  the allegations contained in Paragraph 20.

21.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 21.

22.     Defendants admit that Plaintiff worked on an RFP response for UBS and that Plaintiff served as CRE on the account.  Defendants deny the remaining allegations contained in Paragraph 22.

23.     Defendants admit that the actual revenue generated from the UBS account in FY14 was $152.5 million, with the clarification that the account was not profitable and had significant client satisfaction issues.  Defendants deny the remaining allegations contained in Paragraph 23.

24.     Defendants admit that Plaintiff was assigned Credit Suisse and RBS Citizen Bank and that he was responsible for developing these accounts.  Defendants deny the remaining allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants submit that no response is required regarding Plaintiff's performance reviews, the contents of which speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 26.

#6715383v1 PHDATA

27.     Defendants submit that no response is required regarding Plaintiff's performance review, the contents of which speak for itself.  Defendants deny the remaining allegations contained in Paragraph 27.

28.     Defendants admit the allegations contained in Paragraph 28.

29.     Defendants admit certain individuals were aware of Plaintiff's heart attack.  Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

31.     Defendants admit that Plaintiff was removed as the CRE on the UBS account, but deny any connection between his removal and heart attack.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that Plaintiff's allegations regarding his quota figures on or about May 2, 2014 are accurate.  Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants admit that Scott Warkentin was assigned to oversee the investment and growth team, including Plaintiff, in mid-2014, and that Warkentin was younger than Plaintiff.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations contained in Paragraph 36.

#6715383v1 PHDATA

37.    Defendants deny that Plaintiff was expected to develop all of the new logo accounts he was assigned and Plaintiff's characterization of the task as "impossible."  Defendants further deny that almost none of the accounts had existing business relationships with CSC.  Defendants admit the remaining allegations contained in Paragraph 37.

38.    Defendants admit the allegations contained in Paragraph 38.

39.    Defendants admit the Warkentin told Plaintiff that his performance was in the lowest quartile of the group, but deny the remaining allegations in Paragraph 39.

40.    Defendants admit the allegations in Paragraph 40.

41.    Defendants admit that Warkentin sent an email to Plaintiff on November 26, 2014, the contents of which speaks for itself. Defendants deny the remaining allegations contained in Paragraph 41.

42.    Defendants deny the mid-year review contained inaccuracies or that Warkentin's goals for Plaintiff were unrealistic.  Defendants admit that Plaintiff sent an email to Warkentin dated December 4, 2014.  Defendants admit that a portion of the e-mail is accurately quoted in Paragraph 42, but deny the allegations therein.

43.    Defendants submit that no response is required to Paragraph 43 as it reflects Plaintiff's conclusions with respect to his factual allegations.  To the extent

6

that a response is required, the allegations are denied insofar as they allege any wrongdoing by Defendants.

44.     Defendants admit that Plaintiff was older than the other CREs in his group.  Defendants deny the remaining allegations contained in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45, with the clarification that Warkentin had nothing to do with the Million Dollar Challenge.

46.     Defendants admit the allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants submit that no response is required to Paragraph 48 as it reflects a legal conclusion. To the extent a response is required, the allegations are denied insofar as they allege any wrongdoing by Defendants.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants admit the actual revenue on the UBS account for FY14 was approximately $152.5 million, with the clarification that the account was not profitable and had significant client satisfaction issues.  Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants admit the allegations in Paragraph 53.

#6715383v1 PHDATA

54.     Defendants admit the existence of the statute quoted, which speaks for itself, but deny any wrongdoing and/or any liability to Plaintiff thereunder.

55.     Except for the term "purportedly," Defendants admit the allegations in Paragraph 55.

56.     Defendants admit CSC investigated Plaintiff's allegations regarding the Million Dollar Challenge.  The remaining allegations in Paragraph 56 are denied.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit that Ira Katz advised Plaintiff on February 3, 2015 of his discharge effective February 17, 2015.  Defendants further admit that said discharge was due to poor performance.  Defendants deny the remaining allegations in Paragraph 58 to the extent they allege wrongdoing by Defendants.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60 insofar as they allege wrongdoing by Defendants.

61.     Defendants deny the allegations in Paragraph 61.

## RESPONSES TO PLAINTIFF'S ALLEGED DAMAGES

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

#6715383v1 PHDATA

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

**RESPONSE TO COUNT ONE**
**NEW JERSEY LAW AGAINST DISCRIMINATION**
**(Discriminatory Termination – Age)**

69.     Defendants repeat and incorporate by reference each and every

response contained in Paragraphs 1 through 68 of this Answer as if fully set forth

herein.

70.     Defendants admit the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

In regard to the unnumbered Paragraph beginning with "[w]herefore,"

Defendants deny liability and deny that Plaintiff is entitled to any damages or other

relief.

#6715383v1 PHDATA

## RESPONSE TO COUNT TWO
## NEW JERSEY LAW AGAINST DISCRIMINATION
### (Discriminatory Termination – Disability)

74.     Defendants repeat and incorporate by reference each and every response contained in Paragraphs 1 through 73 of this Answer as if fully set forth herein.

75.     Defendants submit that no response is required to Paragraph 75 as it reflects a legal conclusion.  To the extent a response is required, the allegations are denied.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

In regard to the unnumbered Paragraph beginning with "[w]herefore," Defendants deny liability and deny that Plaintiff is entitled to any damages or other relief.

## RESPONSE TO COUNT THREE
## NEW JERSEY LAW AGAINST DISCRIMINATION
### (Aiding and Abetting)

80.     Defendants repeat and incorporate by reference each and every response contained in Paragraphs 1 through 79 of this Answer as if fully set forth herein.

#6715383v1 PHDATA

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants submit that no response is required to the allegations in Paragraph 82 as they reflect legal conclusions.  To the extent a response is required, the allegations are denied insofar as they allege any wrongdoing by any Defendant.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

In regard to the unnumbered Paragraph beginning with "[w]herefore," Defendants deny liability and deny that Plaintiff is entitled to any damages or other relief.

## RESPONSE TO COUNT FOUR
## BREACH OF CONTRACT

85.     Defendants repeat and incorporate by reference each and every response contained in Paragraphs 1 through 84 of this Answer as if fully set forth herein.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants admit the actual revenue on the UBS account for FY14 was approximately $152.5 million, with the clarification that the account was not

profitable and had significant client satisfaction issues.  Defendants deny the remaining allegations in Paragraph 89.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants deny the allegations in Paragraph 91.

92.    Defendants deny the allegations in Paragraph 92.

In regard to the unnumbered Paragraph beginning with "[w]herefore," Defendants deny liability and deny that Plaintiff is entitled to any damages or other relief.

## RESPONSE TO COUNT FIVE
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

93.    Defendants repeat and incorporate by reference each and every response contained in Paragraphs 1 through 92 of this Answer as if fully set forth herein.

94.    Defendants deny the allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

In regard to the unnumbered Paragraph beginning with "[w]herefore," Defendants deny liability and deny that Plaintiff is entitled to any damages or other relief.

## RESPONSE TO COUNT SIX
## NEW JERSEY LAW AGAINST DISCRIMINATION
### (Retaliation)

97.    Defendants repeat and incorporate by reference each and every

response contained in Paragraphs 1 through 96 of this Answer as if fully set forth

herein.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants deny the allegations in Paragraph 99.

In regard to the unnumbered Paragraph beginning with "[w]herefore,"

Defendants deny liability and deny that Plaintiff is entitled to any damages or other

relief.

Except as specifically admitted herein, Defendants deny the allegations of

Plaintiff's Complaint. Defendants further deny that Plaintiff is entitled to any

judgment against them or to any damages or other relief. In addition, Defendants

submit the following affirmative and other defenses:


## FIRST AFFIRMATIVE DEFENSE

Notwithstanding its denial of liability, Defendants aver that Plaintiff fails to

state a claim upon which relief may be granted.

#6715383v1 PHDATA

## SECOND AFFIRMATIVE DEFENSE

Defendants did not violate the laws cited in the Complaint or Amended Complaint; alternatively, Defendants made good-faith efforts to comply with such laws.

## THIRD AFFIRMATIVE DEFENSE

CSC affirmatively states that it made a good faith effort to follow the law and, thus, is not liable for the alleged intentional, malicious or other acts of its agents or employees.

## FOURTH AFFIRMATIVE DEFENSE

Defendant CSC and Warkenten did not illegally discriminate or retaliate against Plaintiff, intentionally or otherwise. Any employment-related actions taken against Plaintiff were for non-discriminatory and non-retaliatory reasons, legitimate business reasons, and/or reasonable factors other than unlawful bias. In the alternative, Defendants CSC and Warkenten would have taken the same employment actions against Plaintiff in the absence of any impermissible factors or motives and/or the same employment actions would have occurred irrespective of Plaintiff's age and/or alleged disability.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee subject to discharge at any time for any reason other than an illegal reason.

#6715383v1 PHDATA

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action regarding discrimination and retaliation are barred because all of Defendants CSC's and Warkenten's actions with respect to Plaintiff were undertaken solely for legitimate business reasons unrelated to any protected activity by Plaintiff, or any alleged discrimination or harassment.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action regarding discrimination and retaliation are barred because all of Defendants CSC's and Warkenten's actions with respect to Plaintiff were undertaken in good faith and/or in a manner consistent with business necessity.

## EIGHTH AFFIRMATIVE DEFENSE

The employment actions alleged in the Complaint are neither unlawful nor based on Plaintiff's age or disability.

## NINTH AFFIRMATIVE DEFENSE

Defendants' conduct was not malicious, willful, recklessly indifferent, wanton, and did not manifest an aggravated disregard for Plaintiff's rights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any alleged losses by the exercise of reasonable diligence and, therefore, Plaintiff can have no monetary recovery. Defendants further aver that all amounts earned or earnable with reasonable

#6715383v1 PHDATA

diligence since the time of Plaintiff's separation of employment must be offset against and reduce the monetary relief sought in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains, if such damages occurred, were caused by the acts or omissions of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

While denying all of the allegations of Plaintiff's claims regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent that Plaintiff is able to prove any injuries and/or damages, any such damages were not proximately related to any act or omission by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Alternatively, to the extent that Plaintiff is entitled to recover any damages in this action, he has failed or refused to mitigate them and to that extent is barred from recovery or, in the alternative, his recovery, if any, should be offset by his failure or refusal to take reasonable steps to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or he may be unable to recover, by the doctrines of laches, failure to complain, failure to complain in a timely manner, and/or failure to follow or adhere to a reporting mechanism or practice.

#6715383v1 PHDATA

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of age discrimination is barred on the grounds that Plaintiff was not treated less favorably than any similarly-situated individual outside the protected age category.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of either disability or age discrimination under the NJLAD.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief requested in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

CSC affirmatively asserts that it did not discriminate against Plaintiff as a result of any claimed disability and/or did not perceive or regard Plaintiff as being disabled.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant CSC affirmatively states that it did not breach any express or implied contract.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages on some or all of his claims; alternatively, such damages are excessive, imprecise, and/or violate Defendants

#6715383v1 PHDATA

due process rights under the New Jersey Constitution and the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions of Defendant Warkentin were in full compliance with applicable law and do not give rise to aiding and abetting liability under the NJLAD.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is unable to establish a prima facie claim for aiding and abetting liability under the NJLAD with respect to Defendant Warkentin.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

While denying all of the allegations of Plaintiff's claims regarding liability, injury, and damages allegedly sustained by Plaintiff, to the extent that Plaintiff is able to prove any injuries and/or damages, Defendant DXC has no liability as it was not Plaintiff's employer and did not exist at the time of the events at issue.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

There is no liability against Defendant DXC, because it is not a successor in interest to Defendant CSC.  Defendant CSC is a surviving company that maintains its own employees, operations, and liabilities.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants incorporate all relevant affirmative defenses set forth in the Federal Rules of Civil Procedure.  Defendants also specifically reserve the right to

#6715383v1 PHDATA

add additional and other defenses as revealed by further investigation and

discovery.

     **WHEREFORE**, Defendants pray for judgment as follows:

     1.    That Plaintiff take nothing by reason of his Complaint, that the

Complaint be dismissed in its entirety with prejudice, and that judgment be entered

for Defendants;

     2.    That Defendants be awarded their reasonable costs and attorneys'

fees; and

     3.    That Defendants be awarded such other and further relief as this Court

deems just and proper.

                     Respectfully submitted,

Dated: January 22, 2019

                     /s/ Lisa J. Rodriguez
                     Lisa J. Rodriguez, Esq.
                     Schnader Harrison Segal & Lewis, LLP
                     Woodland Falls Corporate Park
                     220 Lake Drive East, Ste. 200
                     Cherry Hill, NJ 08002
                     Tel:  856-482-5741
                     *Counsel for Defendants, Computer Sciences*
                     *Corporation, Scott Warkentin, and DXC*
                     *Technology Company*

#6715383v1 PHDATA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of January 2019, I caused to be served a copy of the above and foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's First Amended Complaint upon the following by the Court's electronic filing system:

Douglas S. Bramley
McMoran, O'Connor & Bramley
Ramshorn Executive Centre
Building D, Suite D-1
2399 Highway 34
Wall Township, NJ 08736
dbramley@mcmoranlaw.com

/s/ Lisa J. Rodriguez
Lisa R. Rodriguez
SCHNADER HARRISON SEGAL & LEWIS LLP
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1165
(856) 482-5741
ljrodriguez@schnader.com

#6715383v1 PHDATA